## No. 627

### DEVOU v. GUETHLEIN

No. 18648.  Supreme Court

Pending on motion of Devou to order Hamilton Appeals to certify; docketed June 12, 1924.  2 Abs. 420.

**829. NEGLIGENCE — Alighting from street car and crossing street other than at a designated crossing.**

Devou in his motion to certify, states his case, substantially as follows:

1. The case involves the question whether or not a passenger alighting from a street car at a point in the middle of the square is or is not guilty of contributory negligence, as a matter of law, by walking to the sidewalk through dense traffic, without exercising her senses or any of her faculties for her own protection.

2. Whether such a pedestrian is guilty of contributory negligence as a matter of law, by crossing a street at a point other than a designated crossing and in violation of a city ordinance, which provides that pedestrians shall not cross streets or highways except at regularly designated crossings, and then at right angles only.

3. Whether a pedestrian crossing a street through dense traffic is not guilty of contributory negligence as a matter of law, which will defeat her recovery by failing to look or listen, or exercise any of her faculties for her own protection.

4. Whether or not the trial court erroneously excluded from the consideration of the jury a city ordinance, under the circumstances of this case and other errors of the trial court.

Note:  See also similar case of Benomini v. Bussman, OS. Pend.  2 Abs. 562.

Attorneys—Jackson & Woodward, for Devou; John McCaslin and Geo. Dornette, for Guethlein; all of Cincinnati.

---

## No. 628

### C. G. BLAKE CO. v. HOCKING VAL. RY. CO.

No. 18607.  Supreme Court

Pending on motion to require Hamilton Appeals to certify; docketed May 24, 1924.  2 Abs. 371.

**991. RAILROADS—Demurrage charges— "Errors and Omissions" of original and delivering carriers—Limitations of actions—Pleading—Evidence.**

This was an action in Cincinnati Superior Court brought by the Railway Co. for demurrage.  It was filed in the short form of account, under 11334 GC., and alleged that the shipment was of coal from West Virgina to the docks at Toledo only part of the haul in Ohio being over its line.  The original carrier was the C. & O. Ry. Co.  All the demurrage was alleged to have accrued Dec. 1, 1911.

The Coal Co. set up several different defenses, and a counterclaim, and attached interrogatories, to all of which except a general denial a demurrer was sustained.  An amended answer, counterclaim and interrogatories were filed and again demurrer was sustained.  On trial a verdict was directed in favor of the Railway Co. and judgment entered on the verdict.  The Court of Appeals affirmed the verdict.

The questions involved in the case set forth in the brief of the Coal Co. are:

1. Where a demurrage tariff expressly provided "Credit will be allowed for railroad errors and omissions," may these be set up in an answer?

2. Are such "railroad errors and omissions" those of the delivering carrier only, or of any carrier in the line of haul?

3. May identity of interest be shown between the initial and the delivering carrier?

4. May defendant set up a counter claim in an action for demurrage?

5. What is the period of limitation in Ohio, on action for demurrage accruing before Federal Transportation Act of 1920?

All these questions were ruled against the Coal Co. and its defenses denied it in the court below.

Attorneys—Murray Seasongood and Robert P. Goldman, for Coal Co.; Maxwell & Ramsey and G. B. Moorman, for Railway Co.; all of Cincinnati.

The Supreme Court overruled the motion to certify.  2 Abs. 474.